T.C. Memo. 1997-290

UNITED STATES TAX COURT

GEORGE L. WILLIS AND D. THOMAS-WILLIS, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10597-95.[1]                    Filed June 26, 1997.

George L. Willis and D. Thomas-Willis, pro sese.

<u>Elaine L. Sierra</u> and <u>Thomas G. Schleier</u>, for

respondent.

MEMORANDUM OPINION

WOLFE, <u>Special Trial Judge</u>:  This case was heard pursuant to

the provisions of section 7443A(b)(3) and Rules 180, 181, and

182.  All section references are to the Internal Revenue Code in

---

[1]     By order dated Feb. 20, 1996, this case was removed from
small tax case status and the letter "S" was deleted from the
docket number.

effect for the taxable year in issue, unless otherwise indicated. All Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in petitioners' 1992 Federal income tax in the amount of $1,320. After concessions, the issue for decision is whether petitioner George L. Willis' 1992 Social Security benefits include the worker's compensation payments he received during that year.

The deficiency resulted from respondent's determination that petitioners failed to include $8,833 of petitioner George L. Willis' 1992 Social Security benefits in taxable income. Respondent conceded that the unreported income attributable to the taxable portion of petitioner George L. Willis' Social Security benefits is a lesser amount than the $8,833 asserted in the notice of deficiency, based on the limitation provisions of section 86(e), and that such lesser amount is $7,378. Petitioners conceded that if the worker's compensation that petitioner George L. Willis received in 1992 is taxable as Social Security benefits, petitioners are liable for tax on unreported income in the amount of $7,378.

Some of the facts have been stipulated and are so found. The stipulated facts and attached exhibits are incorporated by reference. Petitioners resided in Union City, California, when

their petition was filed.  Hereafter, references to petitioner in the singular shall denote George L. Willis.

On July 3, 1985, petitioner suffered a career-ending back injury while performing services as a longshoreman in the employ of Matson Terminals, Inc. (Matson).  As a result of petitioner's back injury, and in accordance with the Longshore and Harbor Workers' Compensation Act (currently codified at 33 U.S.C. secs. 901-950 (1994)), Matson paid worker's compensation benefits to petitioner for temporary disability from July 4, 1985, to July 8, 1991, and for permanent disability from July 9, 1991, through and including taxable year 1992.[2]

In addition to receiving worker's compensation benefits during 1992, petitioner received Social Security disability benefits.  A Notice of Award dated January 4, 1991, from the Office of Disability and International Operations of the Social Security Administration, announced that petitioner was "entitled to monthly disability benefits from Social Security beginning March 1990."  However, the notice explained:

---

[2]    In 1993, petitioner and Matson reached a settlement resolving petitioner's worker's compensation claim relating to his 1985 injury as well as a claim relating to a 1980 injury. Matson paid the settlement amount due to petitioner in 1993.  The parties have stipulated that the settlement of petitioner's worker's compensation claims in 1993 did not affect his worker's compensation benefits or Social Security disability benefits paid in prior years.

When we figure how much to pay you, we must deduct
certain amounts, such as Medicare premiums and worker's
compensation offset.
* * * * *
We have to take into account your weekly workers'
compensation payment * * * when we figure your Social
Security benefits. Because you receive this payment,
we are withholding the benefits you are due.

Petitioner's 1992 Form SSA-1099, Social Security Benefit
Statement, reports that petitioner received total benefits for
1992 in the amount of $20,412.70. The Form SSA-1099 reports that
$770 of that total was paid by check or direct deposit, $318 was
attributable to Medicare premiums, and $19,324.70 was
attributable to worker's compensation offset.

On their 1992 Form 1040, U.S. Individual Income Tax Return,
filed jointly, petitioners reported Social Security benefits
received in the amount of $1,352. They further reported that
only $338 of that amount was taxable. Petitioners reported
adjusted gross income for 1992 in the amount of $40,474.18.

Respondent determined that the worker's compensation
petitioner received during 1992 must be included in his Social
Security benefits. The deficiency at issue results from the
corresponding increase in petitioners' adjusted gross income
because of such inclusion.

Petitioner contends that his worker's compensation benefits
should not be taxable because Matson paid them from a self-
insured fund.

Gross income includes "all income from whatever source derived", unless specifically excluded.  Sec. 61(a).

Generally, gross income does not include "amounts received under workmen's compensation acts as compensation for personal injuries or sickness."  Sec. 104(a)(1).

However, gross income generally includes Social Security benefits in an amount equal to the lesser of:  (1) one-half of such benefits received during the taxable year, or (2) one-half of the excess over certain base amounts.  Sec. 86(a).  The base amount for taxpayers filing a joint return for taxable year 1992 is $32,000.  Sec. 86(c)(2).  Section 86(d)(3) provides that if any Social Security benefit is reduced by reason of the receipt of a benefit under a workmen's compensation act, the term "social security benefit" includes that portion of such benefit received under the workmen's compensation act which equals such reduction.

Section 86 was added by the Social Security Amendments of 1983, Pub. L. 98-21, sec. 121, 97 Stat. 80.  The House report states in relevant part:

> Your Committee's bill provides that social security benefits potentially subject to tax will include any workmen's compensation whose receipt caused a reduction in social security disability benefits.  For example, if an individual were entitled to $10,000 of social security disability benefits but received only $6,000 because of the receipt of $4,000 of workmen's compensation benefits, then, for purposes of the provisions taxing social security benefits, the individual will be considered to have received $10,000 of social security benefits.

H. Rept. 98-25, at 26 (1983), 1983 U.S.C.C.A.N. 219, 244.

The facts are not in dispute.  Petitioners stipulated that during 1992, petitioner received worker's compensation payments in the amount of $19,324.70, and that the Social Security disability benefits he was otherwise entitled to receive for that year were reduced, or offset, by an equivalent amount. Petitioner's 1992 Form SSA-1099 reports the same undisputed facts.

The language of section 86(d)(3) is unambiguous and the statute contains no exceptions.  Neither the clear language of the statute nor the explanation in the legislative history quoted above provide any suggestion of a modification or exception based on the circumstance that petitioner's worker's compensation benefits were paid from the employer's self-insured fund. Pursuant to section 86(d)(3), we must hold that petitioner's Social Security benefits for 1992 include the $19,324.70 offset corresponding to his worker's compensation payments.  Respondent is sustained on this issue.

Decision will be entered

under Rule 155.